G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd, Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JERICA PHILLIPS,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>          Defendant(s). | Case No.: 2:16-cv-4896<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1. JERICA PHILLIPS (Plaintiff), through her attorneys, brings this action to secure redress from WELLS FARGO BANK, NATIONAL ASSOCIATION (Defendant) for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to perform a reasonably diligent investigation into Plaintiff's disputes concerning her personal banking account with Defendant as it pertained

to a failure of Defendant in transferring a refunded purchase sum of money back into Plaintiff's account.  Plaintiff alleges as follows upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3.　　This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4.　　Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.　　Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains a business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6.　　Plaintiff is a natural person residing in Los Angeles County, State of California.

7.　　Defendant is a corporation with its State of Incorporation being South Dakota.

## FACTUAL ALLEGATIONS

8.　　On or about March 12, 2016, Plaintiff was in the market for the purchase of an automobile and visited an automotive dealer in South Gate, California.

9.　　During this visit, Plaintiff found a car that interested her and paid the dealer a hold/deposit sum of $1,000.00 via her Visa Debit Card which electronically debited the $1,000.00 from Plaintiff's personal bank account which is maintained through Defendant.

10. However, Plaintiff had second thoughts about purchasing the vehicle for a variety of reasons and on March 14, 2016, informed the dealer who agreed to refund Plaintiff her $1,000.00 hold/deposit on the vehicle.

11. In order to process the refund, the dealer needed Plaintiff's credit card information in order to have the funds release back into her Wells Fargo personal banking account. However, due to pure inadvertence, Plaintiff handed the dealer her Visa Credit Card (not Debit Card). However, Plaintiff's Visa Credit Card is also through Defendant Wells Fargo.

12. When Plaintiff noticed this mistake, she informed the dealer. The dealer advised her that since Defendant maintained both her personal banking account and the Credit Card account, that Defendant would transfer the $1,000.00 credit from her Credit Card account to her personal bank account.

13. However, after several days, Plaintiff noticed that her $1,000.00 refund had not been returned to her personal banking account. As a result, Plaintiff initiated a dispute with Defendant Wells Fargo in order to have said refund be properly returned to her bank account.

14. In response to Plaintiff's dispute, Defendant provided Plaintiff with a provisional credit of $1,000.00 to her personal bank account on March 18, 2016 and began its process of reviewing Plaintiff's claim (Claim# 10318168053).

15. On or about April 26, 2016, approximately thirty (30) days after Defendant began its review process of Plaintiff's dispute, Defendant sent Plaintiff written correspondence denying her claim and advising that her provisional $1,000.00 credit was to be reversed in the coming days.

16. The basis for Defendant's denial of Plaintiff's claim stemmed from Defendant's mistaken believe that Plaintiff had submitted a "fraud" claim wherein Plaintiff was claiming that the March 12, 2016 $1,000.00 transaction was not made by or authorized by Plaintiff. However, Plaintiff never made any such "fraud" claim, Plaintiff's dispute clearly and solely pertained to the $1,000.00 refund that

1 | needed to be transferred over from her Wells Fargo Credit Card account to her
2 | Wells Fargo personal bank account.

17.   Upon receipt of Defendant's April 26 correspondence, Plaintiff submitted further correspondence and placed several telephone calls to Defendant in an attempt to inform Defendant of its mistaken understanding of the nature of Plaintiff's dispute and to demand that her $1,000.00 refunded funds be properly returned to her personal banking account.

18.   Despite Plaintiff's efforts, Defendant refused to perform any particular investigation regarding Plaintiff's dispute. In fact, Defendant informed Plaintiff that since she had already disputed once that Defendant's internal policy is to refuse to conduct a second investigation, even if Defendant had made a mistake as to the initial dispute.

19.   Defendant's alleged "investigation" into Plaintiff's dispute was clearly inadequate, not reasonable, not diligent, and failed to properly address Plaintiff's issues regarding her $1,000.00 refund.

20.   Further evidencing Defendant's woefully inadequate investigation is the fact that Defendant has access to both Plaintiff's personal bank account and her Visa Credit Card account as Defendant maintains and services both accounts. Defendant could have reasonably, easily and swiftly confirmed the $1,000.00 refund credited to the incorrect Credit Card account and simply transferred the funds over to Plaintiff's personal bank account.

21.   Instead, Defendant failed to investigate properly, reversed a $1,000.00 credit, and refused to conduct any further review/investigation, even after Plaintiff made numerous attempts to inform Defendant of its mistake in its resolution (or lack thereof) of the dispute.

22.   What is more, not only is Plaintiff still without the benefit of her $1,000.00 refund, but Defendant's actions and reversal of the credit has resulted in Plaintiff being unable to pay household bills and expenses and has resulted in

Plaintiff incurring NSF fees, late fees, and other additional expenditures all of which are a direct result of Defendant's failure to properly handle and resolve her dispute.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

23. 15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

24. Pursuant to 15 U.S.C. §1693f(f)(2), an "error" as described above includes an incorrect electronic fund transfer from or to the consumer's account.

25. Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

26. Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion

could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JERICA PHILLIPS respectfully requests judgment be entered against Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, for the following:

27. Statutory damages of $1,000.00 per 15 U.S.C. §1693m;

28. Actual damages per 15 U.S.C. § 1693m;

29. Costs and reasonable attorneys' fees per 15 U.S.C. § 1693m;

30. Treble Damages;

31. For prejudgment interest at the legal rate; and

32. Any other relief this Honorable Court deems appropriate.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

RESPECTFULLY SUBMITTED,

Dated: July 5, 2016         **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*